# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| POSEY, PHILIP T. and | ) | Case No. 05-05688-TLM |
| POSEY, ELIZABETH A., | ) | |
| | ) | |
| Debtors. | ) | SUMMARY ORDER |
| | ) | |
| _____ | ) | |

The above named Debtors filed a voluntary chapter 13 petition on October 28, 2005. They did not file with their petition a certificate from an approved credit counseling agency reflecting that they had obtained credit counseling and briefing within the 180 days prior to filing. The existence of such counseling is a condition of eligibility to be a debtor under § 109(h)(1). And it is a debtor's duty to file such a certificate under § 521(b)(1).

On November 14, Debtors filed a motion and affidavit to extend time to meet the § 109(h) requirement. *See* Doc. No. 7. This Court has analyzed and explained the operation of § 109(h)(3)(A) in *In re Rodriguez*, Case No. 05-05694-TLM at Doc. No. 31 (Bankr. D. Idaho Dec. 9, 2005). That Decision is incorporated fully herein by this reference.

SUMMARY ORDER - 1

Consistent with *Rodriguez*, the Court finds and concludes Debtors' motion and affidavit, Doc. No. 7, sufficient to constitute a "certification" as required by the Code. However, the facts certified in the affidavit do not meet the requirements of § 109(h)(3)(A). Under § 109(h)(3)(A), a certification must establish the presence of exigent circumstances, a pre-bankruptcy request for credit counseling and the fact that the agency Debtors contacted advised Debtors such a request could not be accommodated and counseling held within five days of the request. *See* § 109(h)(3)(A)(i), (ii).

Here, Debtors certify that they were unaware of the pre-bankruptcy credit counseling requirement. While the Court sympathizes with Debtors' plight in meeting the new requirements for bankruptcy relief effective October 17, 2005, and appreciates the fact that Debtors filed their bankruptcy *pro se*, they must still comply with the law. The Court cannot ignore the Bankruptcy Code requirements and, under the facts established in Debtors' affidavit, Debtors did not and cannot meet the requirements of § 109(h)(3) for a temporary extension of § 109(h)(1)'s counseling requirement. Therefore Debtors' motion, Doc. No. 7, must be and hereby is DENIED.

Debtors did state in their affidavit that they would obtain credit counseling on November 16, 2005. *See* Doc. No. 7. Indeed, on November 18, such counseling was received, and Debtors filed an agency certificate on November 30,

SUMMARY ORDER - 2

2005. *See* Doc. No. 17. However, unless the Court grants under § 109(h)(3)(A) a temporary exemption from the pre-bankruptcy credit counseling requirement, Debtors are not allowed to cure the defect after filing. Debtors were not eligible to be debtors in bankruptcy at the time they filed, and Debtors' credit counseling certificate, post-bankruptcy, does not alter their lack of eligibility. *See Rodriguez, supra,* at 27 n.38; *see also In re Davenport*, No. 8:05-BK-29673-KRM, 2005 WL 3292700, at *2 (Bankr. M.D. Fla. Dec. 6, 2005) (dismissing debtor's "no harm, no foul" argument based on her post bankruptcy credit counseling and noting that, while the debtor might now be eligible to file a new bankruptcy, she was not eligible at the time she filed the pending case, and that the Court was required to dismiss the pending case).

As set forth earlier, no exemption can properly be granted under § 109(h)(3)(A) in this case. Debtors were and are ineligible, and their case must be and hereby is DISMISSED.

DATED: December 12, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 3

CERTIFICATE RE: SERVICE

    A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Philip T. Posey
    Elizabeth A. Posey
    4921 Lifeline Drive
    Marsing, ID 83639


Case No. 05-05688-TLM (Philip T. Posey)

Dated: December 12, 2005

/s/ Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

SUMMARY ORDER - 4